UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:  §
 §
KNASEL, ALLEN W § Case No. 09-02444 CAD
KNASEL, LAURIE PEARD §
 §
 Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 01/28/2009. The undersigned trustee was appointed on 06/09/2009.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of $ 52,006.56

Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 40,971.05 |
| Bank service fees | 0.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |

Leaving a balance on hand of[1]  $ 11,035.51

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

    5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

    6. The deadline for filing non-governmental claims in this case was 06/08/2009 and the deadline for filing governmental claims was 06/08/2009 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

    7. The Trustee's proposed distribution is attached as **Exhibit D**.

    8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 5,850.33 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

    The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 1,850.00 , for a total compensation of $ 1,850.00 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].
    See attached Supplement
    Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 12/02/2011           By:/s/N. Neville Reid
                              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

Supplement to Knasel Final Report

1. **Summary of Administrative Expenses**:

Below is a summary of the cumulative professional fees incurred by the Estate which constitute the bulk of overall administrative expenses:

| Applicant | Total Requested | Total Allowed | Total Paid | Proposed Payment |
|---|---|---|---|---|
| FHSLC (1st) [Dkt. 74] | $8,947.07 | $6,584.00 [Dkt. 76] | $6,584.00 | $0.00 |
| CDG (1st) [Dkt. 79] | $17,392.23 | $17,392.23 [Dkt. 82] | $17,392.23 | $0.00 |
| FHSLC (2nd) [Dkt. 80] | $8,517.30 | $8,517.30 [Dkt. 83] | $8,517.30 | $0.00 |
| FHSLC (3rd) [Dkt. 84] | $8,534.65 | $8,476.52 [Dkt. 85] | $8,476.52 | $0.00 |
| N. Neville Reid Trustee Fees | $1,850.00 | N/A | $0.00 | $1,850.00 |
| **TOTAL** | | | **$40,970.05** | **$1,850.00** |

2. **General Overview – Background for Expenses:**

On January 28, 2009 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"). Shortly after the Petition Date, Ronald R. Peterson ("Peterson") was appointed as chapter 7 trustee for the Debtors. On June 9, 2009, Ronald R. Peterson resigned as chapter 7 trustee, and N. Neville Reid (the "Trustee") was appointed as chapter 7 trustee for the Estates of the Debtors.

The Debtors' largest assets were four homes located at the following addresses:
- 2748 Kingston Road, Northbrook, Illinois (the "Kingston Home");
- 2354 Wood Drive, Northbrook, Illinois (the "Wood Home");
- 3535 Pleasant Street, Northbrook, Illinois (the "Pleasant Home"); and
- 40 Atwater Parkway, Fox Lake, Illinois (the "Atwater Home").

The Kingston Home and the Wood Home were fully encumbered by mortgages from Bank of America, N.A. ("BofA"). BofA successfully moved for relief from stay with respect to the Kingston Home [Dkt. 36] and the Wood Home [Dkt. 29]. The Pleasant Home was fully encumbered by a mortgage from Countryside State Bank ("Countryside"). Peterson arranged for a short sale of the Pleasant Home, whereby Countryside would receive the proceeds from the sale and be deemed to have been paid in full for its claim against the Pleasant Home. [Dkt. 26.] The Atwater Home was fully encumbered by a mortgage from Aurora Loan Services ("Aurora").

Aurora successfully moved for relief from stay with respect to the Atwater Home. [Dkt. 60.] The Debtors' other non-exempt assets included a fire insurance claim for structural damage and for personal property (the "Fire Insurance Claim") arising from a fire that occurred at the Atwater Home on or about September 30, 2008, as well as boat that was encumbered by the purchase money security interest of North Shore Bank.

The Trustee retained Childress Duffy Goldblatt, Ltd ("CDG") as special bankruptcy counsel, on a contingency fee basis, to pursue the Fire Insurance Claim. CDG procured a settlement, which was approved by the Bankruptcy Court, in which the Estates received the amount of $52,000 for the Fire Insurance Claim, and CDG received payment in the amount of $17,392.23.

The Trustee retained his own firm, Fox, Hefter, Swibel, Levin & Carroll, LLP ("FHSLC"), as general bankruptcy counsel. FHSLC analyzed the Debtors' case, reviewed the Debtors' schedules, and resolved claims filed against the Estates; represented the Trustee in various hearings at the Court; prepared, filed, and presented employment and compensation applications, reviewed the Fire Insurance Claim, retained counsel to pursue the Fire Insurance Claim, and participated in settlement discussions to resolve the Fire Insurance Claim; and assisted the Trustee with the preparation of the Trustee's Final Report.

Factors which contributed to the administrative expenses in this estate included the 33% contingency fee, assisting contingency counsel on structuring a settlement of the insurance claim, monitoring stay litigation, resolving a claim objection with a secured lender to credit their claim for a repossessed boat and general administrative expenses.